UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL W. SMITH, et al., )
    Plaintiff, )
     )
v. ) 15-CV-3149
     )
GREGORY M. BASSI, et al., )
    Defendants. )
     )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. §

1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiffs allege systemic failures in diagnosing and treating mental illness at the facility. They ask to pursue a class action and list counts for deliberate indifference and disability discrimination. They seek an injunction requiring mental health training for staff and appropriate mental health screening and treatment.

Plaintiffs cannot pursue a class action because they are not represented by counsel, but, even if they were represented by counsel, Plaintiffs' allegations do not demonstrate the requirements for a class action. See Rowe v. Davis, 373 F.Supp.2d 822, 828 (N.D. Ind. 2005)("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); Fed. R. Civ.

P. 23 (setting forth class action requirements). Plaintiffs' allegations are too vague and conclusory to allow an inference that their claims share common issues or that their separate claims are properly joined into one action. See Fed. R. of Civ. P. 18, 20.

    Plaintiffs are constitutionally entitled to adequate treatment for mental illness. Adequate treatment in the constitutional sense means that treatment decisions are made by qualified professionals within acceptable professional boundaries. Allison v. Snyder, 332 F.3d 1076, 1081 (7th Cir. 2003)("(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals"). Only treatment decisions far afield from those boundaries violate the Constitution. *See* Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals working at mental health institution are afforded deference and violate the Constitution only if professional judgment not exercised); Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009)(deliberate indifference means a "substantial departure from accepted professional judgment.").

    Here, Plaintiffs do not allege any facts to support their claims for inadequate treatment. They set forth their diagnoses and the

medications they have been prescribed, but they do not explain how their treatment has fallen short of accepted standards or explain what kind of treatment they believe they need.  They do not say whether they have consented to treatment, whether they have a treatment plan in place, or whether they have begun that treatment.  Their allegations generally assail Rushville's treatment approach, but that is not enough to state a constitutional claim.  In short, the Court cannot tell what happened to each Defendant.

In sum, the Court cannot discern a constitutional claim from these conclusory allegations.  Accordingly, the complaint will be dismissed without prejudice to each Plaintiff filing his own lawsuit and providing enough facts about his particular situation—what happened to him and when with regard to his treatment or lack thereof.  If the allegations of these separate lawsuits indicate that the cases may be properly joined, the presiding judges over those cases will make that decision. If a Plaintiff has already paid a partial filing fee in this case, then that Plaintiff may file a motion to waive the partial filing fee in the new case he files.

**IT IS ORDERED:**

1. Plaintiffs' petitions to proceed in forma pauperis are denied, without prejudice, because their complaint does not state a federal claim  (d/e's 2-7).  A Plaintiff may file his own complaint in a new action setting forth the particular factual basis for his own claim.

2. This case is closed.

3. All pending motions are denied as moot (19, 20).

ENTERED:   September 30, 2015

FOR THE COURT:

<u>s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE